UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---------------------------------------------------------

EDWARD KOEHL,

                Plaintiff,

        -v.-                        9:06-CV-0478
                                          (LEK/GHL)

GARY GREENE, Superintendent, *et al.*,

                Defendants.

---------------------------------------------------------

APPEARANCES:

EDWARD KOEHL, 94-A-2890
  Plaintiff, *Pro Se*
Great Meadow Correctional Facility
Box 51
Comstock, NY 12821

HON. ELIOT L. SPITZER                      MICHAEL G. McCARTIN, ESQ.
Attorney General for the State of New York     STEPHEN M. KERWIN, ESQ.
  Counsel for Defendants                        Assistant Attorneys General
The Capitol
Albany, NY 12224

GEORGE H. LOWE, UNITED STATES MAGISTRATE JUDGE

## DECISION and ORDER

      Currently before the Court is an Amended Complaint filed by Plaintiff Edward Koehl ("Plaintiff"). (Dkt. No. 16.) In the Amended Complaint, Plaintiff names, and asserts factual allegations against, a new Defendant, "Julie Daniel." (*Id.* at 1, 2.)

      Rule 15(a) of the Federal Rules of Civil Procedure generally governs the amendment of complaints; however, in the case of proposed amendments that seek to add new defendants, the

Court must look also to Rule 21.  *U.S. v. Chilstead Building Co.*, 96-CV-0641, 1997 U.S. Dist. LEXIS 18134, at *2 (N.D.N.Y. Nov. 7, 1997) (McAvoy, C.J.) (citations omitted).  Rule 21 states that a party may be added to an action "at any stage of the action and on such terms as are just." Fed. R. Civ. P. 21; *Chilstead,* 1997 U.S. Dist. LEXIS 18134, at *2.  Addition of parties under Rule 21 is guided by the same liberal standard as a motion to amend under Rule 15.  *Chilstead,* 1997 U.S. Dist. LEXIS 18134, at *2; *Fair Hous. Dev. Fund Corp. v. Burke*, 55 F.R.D. 414, 419 (E.D.N.Y. 1972).[1]

In this action, Defendants have not yet filed an Answer to Plaintiff's original Complaint.  As a result, Plaintiff has a right to file his Amended Complaint naming "Julie Daniel" as a new Defendant "as a matter of course," i.e., without first obtaining leave of the Court.

**ACCORDINGLY**, it is

**ORDERED** that the Clerk amend the Court's docket to reflect the caption and parties as listed on the Amended Complaint (Dkt. No. 16); and it is further

**ORDERED** that Plaintiff provide the Court with copies of his Amended Complaint and completed USM-285 forms for service on Defendants; and it is further

**ORDERED** that the Clerk issue any summonses necessary and forward them, along with copies of the Amended Complaint, to the United States Marshal for service upon Defendants; and it is further

**ORDERED** that a response to Plaintiff's Amended Complaint be filed by Defendants or their counsel as provided for in the Federal Rules of Civil Procedure.

---

[1] Rule 15(a) of the Federal Rules of Civil Procedure states that leave to amend "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a); *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Manson v. Stacescu*, 11 F.3d 1127, 1133 (2d Cir. 1993).

Dated: December 11, 2006
      Syracuse, New York

*George H. Lowe*

George H. Lowe
United States Magistrate Judge