UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------------
EDWARD KOEHL,

                Plaintiff,

  -v.-                                                      9:06-CV-0478
                                                                   (LEK)(GHL)

GARY GREENE, Superintendent, *et al.*,

                Defendants.
-----------------------------------------------------------------------------
APPEARANCES:

EDWARD KOEHL
94-A-2890
Plaintiff, *pro se*

HON. ANDREW M. CUOMO                          MICHAEL G. MCCARTIN, ESQ.
Office of the Attorney General
State of New York
Department of Law
The Capitol
Albany, New York 12224

GEORGE H. LOWE, U.S. MAGISTRATE JUDGE

## ORDER

     Presently before the Court are responses from Defendants' counsel to this Court's Text Order dated January 8, 2008. Dkt. Nos. 53-54.

     The January 8, 2008 Text Order directed Defendants' counsel to respond to Plaintiff's Letter Motion that (1) requested relief from the Court due to counsel's failure to inform Plaintiff of the location of his deposition in the Notice of Deposition served upon him, and, (2) requested a ruling by this Court as to whether Plaintiff must answer questions relating to his medical records during his deposition.[1] Dkt. No. 52.

---

[1] Plaintiff's claim in this case alleges that the defendants have been deliberately indifferent to Plaintiff's exposure to second-hand tobacco smoke, resulting in a serious impact on Plaintiff's

**A.     The Location of Plaintiff's Deposition.**

In their response, Defendants assert that Plaintiff's deposition has been scheduled for February 20, 2008. Dkt. No. 54. Defendants' counsel also states in his January 9, 2008 and January 15, 2008 letters that the deposition will be held at Great Meadow Correctional Facility. Dkt. No. 53-54. In order to avoid any additional delay, counsel has also annexed copies of two Notices of Deposition providing Plaintiff with the requested information.[2] *Id.* Thus, Plaintiff's request appears to be fully addressed and is, therefore, moot.

**B.     Medical Records and Information.**

In Plaintiff's Letter Motion he states that the Defendants "have yet requested the release of my medical records." Dkt. No. 52. Further, Plaintiff states that Defendants are not entitled to access his medical records without a written release. Thus, Plaintiff inquires "am I obligated to answer any questions when being deposed that relate to my medical records?" *Id.*

First, as this Court previously advised Plaintiff, he has put his medical condition and history in issue by virtue of filing this action. Thus, during Plaintiff's deposition, Defendants are entitled to ask questions relating to Plaintiff's medical history and conditions, including what may, or may not, be contained in his medical records. Defendants have this right whether or not they have obtained Plaintiff records prior to the deposition occurring.

Second, based upon the Defendants' submissions, it is clear that Plaintiff was less than

---

health.

[2]The second Notice of Deposition was served because the deposition date was changed from February 21, 2008 to February 20, 2008. Dkt. No. 54.

honest with this Court. In fact, Defendants requested that Plaintiff execute a medical release on *two* separate occasions. *See* Dkt. No. 53, Letters dated May 22, 2007 and January 8, 2008. On May 24, 2007 Plaintiff responded to the first request by demanding that the Defendants pay him for accessing the records that the Department of Correctional Services ("DOCS") maintains. Dkt. No. 53. In his January 8, 2008 letter to the Plaintiff, Defendants' counsel explained that the records would be obtained directly from DOCS, and thus they will not pay Plaintiff for the copying of his records. *Id.*

It is beyond dispute that Plaintiff's medical history is at issue in this case. Thus, Defendants are entitled to obtain a copy of Plaintiff's medical history and records as maintained by DOCS. Accordingly, Plaintiff will be ordered to execute the medical release provided to him by the Defendants, and deliver the signed release to Defendants' counsel on or before **February 1, 2008**. If Plaintiff fails to comply with this Order, Defendants may file a proper motion seeking appropriate sanctions against Plaintiff. **Plaintiff is advised that his failure to comply with this Order may result in sanctions including, but not limited to, his being precluded from offering evidence in this case or dismissal of this action**. Plaintiff is further advised that the Defendants have the right to adjourn the deposition to a later date if Plaintiff has not complied fully with the terms of this Order.

In addition, this Court is troubled by Plaintiff's misrepresentations to this Court regarding the prior requests for release of his medical records. **Plaintiff is advised that any further misrepresentations to the Court may result in sanctions, as determined by the Court, based upon the nature of the conduct in question.**

WHEREFORE, it is hereby

ORDERED, that Plaintiff's Letter Motion (Dkt. No. 52) is denied as moot with respect to Plaintiff's first request, and it is further

ORDERED, that with respect to the second request in Plaintiff's Letter Motion (Dkt. No. 52), Defendants are entitled to ask questions relating to Plaintiff's medical history and conditions, including what may, or may not, be contained in his medical records, during the course of Plaintiff's deposition, and it is further

ORDERED, that Plaintiff is ordered to execute the medical release provided to him by the Defendants, and deliver the signed release to Defendants' counsel on or before **February 1, 2008**, and it is further

ORDERED, that should Plaintiff fail to comply with this Order, Defendants may file a proper motion seeking appropriate sanctions against Plaintiff, and it is further

ORDERED, that should Plaintiff make any further misrepresentations to the Court, his actions may result in sanctions being imposed on Plaintiff, as determined by the Court, based upon the nature of the conduct in question, and it is further

ORDERED, that the Clerk serve a copy of this Order on the parties in accordance with the Local Rules.

IT IS SO ORDERED.

Dated: January 22, 2008
       Syracuse, New York

*George H. Lowe*
George H. Lowe
United States Magistrate Judge