UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

EDWARD KOEHL,

                Plaintiff,

v.                                                                                                          9:06-CV-0478
                                                                                                    (LEK/GHL)

GARY GREENE, Superintendent; GLENN GOORD
Commissioner; HOWARD SILVERBERG, Facility
Doctor; and JULIE DANIEL, IGRC Supervisor,
Great Meadow Correctional Facility,

                Defendants.
_____

APPEARANCES:

EDWARD KOEHL, 94-A-2890
  Plaintiff, *Pro Se*
Clinton Correctional Facility
P.O. Box 2001
Dannemora, NY 12929

HON. ANDREW M. CUOMO                            MICHAEL G. McCARTIN, ESQ.
Attorney General for the State of New York          STEPHEN M. KERWIN, ESQ.
  Counsel for Defendants                                   Assistant Attorneys General
The Capitol
Albany, NY 12224

GEORGE H. LOWE, UNITED STATES MAGISTRATE JUDGE

## **ORDER**

       This Order addressing various outstanding motions on the docket is necessitated in large part by the fact that, over the course of a six-week period, Plaintiff has filed with the Court eight submissions (including five motions and three unauthorized replies). (Dkt. Nos. 61, 66, 67, 68, 70, 71, 73, 74.)

I.  **PLAINTIFF'S REQUEST FOR ORDER REGARDING PRODUCTION OF MEDICAL RECORDS**

On March 13, 2008, Plaintiff filed a letter requesting three forms of relief from the Court. (Dkt. No. 61.) On March 18, 2008, the Court denied Plaintiff's first two requests and reserved decision on Plaintiff's third request, pending the Court's receipt from Defendants of their response to that request. (Dkt. No. 62.) Plaintiff's third request asked for an opportunity, beyond that proscribed by correctional facility rules, to review and copy certain of his medical records. (*Id*. at 3.)

On March 24, 2008, and March 27, 2008, the Court received from defense counsel letters informing the Court of various matters regarding Plaintiff's request, including the status of Plaintiff's review of the medical records in question. (Dkt. Nos. 63, 65.) In particular, defense counsel represented that he expected that Plaintiff would be able to exercise his remaining 20-minute opportunity (under facility rules) to review (and have copied at his cost) his medical records (including his x-rays) by the third week of April 2008. (Dkt. No. 65, at 1.)

On April 1, 2008, Plaintiff filed (without requesting prior permission from the Court) a letter in reply to Defendants' response-letters. (Dkt. No. 68.) In his reply-letter, Plaintiff (in addition to attempting to raise other discovery issues raised in separately filed motions to compel discovery) asserted that "DOCS is precluding me from viewing and copying my x-rays that show I am suffering from lung abnormalities." (*Id*. at 1.) However, Plaintiff failed to provide any specifics regarding this assertion (such as how Defendants are so precluding him, what particular documents he is referencing, and whether he was denied the remaining 20-minute opportunity to review his records mentioned by Defendants). (*Id*.) Similarly, in a motion to compel discovery

2

of other information, filed on April 14, 2008, Plaintiff made a similar representation to the Court, specifically, that "Plaintiff is still being denied full disclosure of his [medical] records and x-rays." (Dkt. No. 74, ¶ 1.) However, again, Plaintiff failed to provide any specifics regarding this assertion. (*Id.*)

The late-April deadline by which Plaintiff was expected (by defense counsel) to be able to complete his review of his medical records has passed, and the Court has received from Plaintiff no specific evidence that he has not been (or will not soon be) afforded all the opportunity to review and copy those medical records that he is afforded under facility rules. As a result, Plaintiff's third request, made in his letter of March 13, 2008, is denied.

Plaintiff may renew this specific request only if (1) he certifies that he has not yet been afforded the aforementioned remaining 20-minute opportunity (under facility rules) to review (and have copied at his cost) his medical records (including his x-rays), and (2) he certifies that he has made a good-faith effort to resolve this issue with opposing counsel. Barring Plaintiff's satisfaction of these two preconditions, no other papers on this subject will be accepted by the Court for filing.

## II.   PLAINTIFF'S THREE MOTIONS TO COMPEL DISCOVERY

On March 27, 2008, Plaintiff filed a motion to compel production of responses to his first and second sets of interrogatories. (Dkt. No. 66.)[1] On April 1, 2008, Defendants responded to

---

[1] Also on March 27, 2008, Plaintiff filed a motion for reconsideration of the Court's Order denying his motion for recusal. (Dkt. No. 67.) On April 1, 2008, Defendants opposed this motion for reconsideration. (Dkt. No. 69, Part 1.) On April 7, 2008, Plaintiff filed (without having received prior authorization to do so) a reply to Defendants' response. (Dkt. No. 71.) Plaintiff's motion for reconsideration is denied as without merit, largely for the reasons stated in Defendants letter-brief in opposition to this motion. (Dkt. No. 69, Part 1, at 2-3.)

this motion. (Dkt. No. 69, Part 1.) This motion is now fully briefed and will be decided in due course. No further papers regarding this motion will be accepted for filing without prior permission of the Court.

On March 7, 2008, Plaintiff filed a *second* motion to compel the production of responses to his second set of interrogatories. (Dkt. No. 70.) On April 16, 2008, Defendants responded to this motion. (Dkt. No. 72, Parts 1, 4.) On April 23, 2008, Plaintiff filed (without having received prior authorization to do so) a reply to Defendants' response. (Dkt. No. 73.) This motion is now fully briefed and will be decided in due course. No further papers regarding this motion will be accepted for filing without prior permission of the Court.

On April 25, 2008, Plaintiff filed a *third* motion to compel responses by Defendants to his Requests for Admissions. (Dkt. No. 74.)[2] The docket sheet indicates that a response to Plaintiff's motion is due on May 13, 2008. When Defendants file that response, this motion will be fully briefed and will be decided in due course. No further papers regarding this motion will be accepted for filing without prior permission of the Court.

---

[2] Even though this motion was filed a week after the expiration of the applicable motion-filing deadline, I will accept this motion for filing in light of the "prison mailbox rule," under which the date of the signing of a submission is presumed to be the date that the prisoner handed the submission to a correctional officer for mailing to the Court, and thus the constructive date of "filing" with the Court. *See Shaw v. Superint., Attica Corr. Facility*, 03-CV-0610, 2007 WL 951459, at *3 n.3 (N.D.N.Y. March 28, 2007) (McCurn, J.) (habeas corpus proceeding) [citations omitted]; *Garraway v. Broome County, N.Y.*, 03-CV-0681, 2006 WL 931729, at *3-4 (N.D.N.Y. Apr. 7, 2006) (McAvoy, J.) (prisoner civil rights action) [citation omitted]. I so treat Plaintiff's motion with some reservation since doing so requires me to assume that the submission in fact took eleven dates to reach the Court, even though his six other submissions over the last six weeks or so have taken only between two to six days to reach the Court. (*Compare* Dkt. No. 74 [dated 4/14/08 and filed 4/25/08] *with* Dkt. No. 66 [dated 3/21/08 and filed 3/27/08], Dkt. No. 67 [dated 3/21/08 and filed 3/27/08], Dkt. No. 68 [dated 3/26/08 and filed 3/31/08], Dkt. No. 70 [dated 4/1/08 and filed 4/7/08], Dkt. No. 71 [dated 4/2/08 and filed 4/7/08], Dkt. No. 73 [dated 21 and filed 4/23/08].)

I note that, on February 22, 2008, the deadline by which motions to compel had to be filed was extended, upon Plaintiff's request, from March 30, 2008, to April 18, 2008. (Dkt. Nos. 40, 60.) No more motions to compel discovery will be accepted from the parties for filing without prior permission of the Court.

### III.   DEFENDANTS' CROSS-MOTION FOR SANCTIONS

On December 6, 2007, I issued a warning to Plaintiff because, during a spate of filings with the Court, he had referred to the Court as "cowardly," "[f]ascist," and "twisted." (Dkt. No. 51, at 11.) Specifically, I warned Plaintiff that, while I certainly sympathize with the stress and frustrations that accompany the litigation process, such language is "never tolerable" and that he "will be sanctioned for any such further abusiveness." (*Id*.)

On April 1, 2008, Defendants moved for the imposition of sanctions against Plaintiff for continuing to use abusive language–toward both the Court and defense counsel. (Dkt. No. 69, Part 1, at 1-2.) Specifically, Defendants referenced the following statements by Plaintiff: (1) Plaintiff's statement that the undersigned "deliberate[ly] lied" and "kissed his own butt" while revoking the special status normally afforded pro se civil rights litigants (Dkt. No. 57, ¶¶ 2, 4); (2) Plaintiff's statement that the undersigned "covered for his fellow government agents" and engaged in a "scam" while ordering Plaintiff to execute a medical release (Dkt. No. 57, ¶ 3); (3) Plaintiff's statement that the undersigned is engaged in "a conspiracy [with Defendants] to physically harm the Plaintiff" (Dkt. No. 67, ¶¶ 1, 3; *accord* Dkt. No. 71, at 1); (4) Plaintiff's statement that the undersigned is "a cheap, corrupt thug, who needs to hide behind a robe to be a tough guy, when in reality he is nothing but a coward who use[d] to get his milk money taken away as a kid" (Dkt. No. 67, Part ¶ 3; *see also* Dkt. No. 73, at 2 [calling Court "corrupt"]); (5)

5

Plaintiff's statement that the undersigned and "the State government defendants are doing [no] more than just tongue kissing each other to encompass an intimate oral affair" (Dkt. No. 67, Part 3, ¶ 6); and (6) Plaintiff's statement that the undersigned is "bought and paid for" by Defendants (Dkt. No. 68, at 2).

In particular, Defendants request either (1) the issuance of an Order to Show Cause requiring Plaintiff to explain why this action should not be dismissed as a consequence of his abusiveness or (2) the issuance of an Order requiring Plaintiff to pay a monetary sanction before this litigation be permitted to proceed any further (each upon penalty of the issuance of a Report by the undersigned recommending dismissal). (Dkt. No. 69, Part 1, at 2.) Defendants have supported their request with citations to relevant case law. (*Id*. at 1-2.)

On April 7, 2008, Plaintiff filed a motion to compel discovery, which also opposed Defendant's motion for sanctions. (Dkt. No. 71, at 1-2.) In that response, he stated, in pertinent part,

> If you want to sanction me for telling what I honestly feel to be the truth, so be it. If you want to dismiss this case for the same reason, you will be doing me a favor, because it will prove my claims and allow me to address my concerns to the Second Circuit. . . . I honestly hope that [the undersigned] and that corrupt, stinking hump [defense counsel], drop dead.

(*Id*. at 2)

Defendants' motion is now fully briefed and no further papers regarding this motion will be accepted for filing without prior permission of the Court. The motion will be decided in due course.

6

**ACCORDINGLY**, it is

**ORDERED** that Plaintiff's third request in his letter to the Court filed on March 13, 2008, i.e., his request for a further opportunity, beyond the opportunity proscribed by correctional facility rules, to review and copy certain of his medical records including his x-rays (Dkt. No. 61) is **DENIED** without prejudice; Plaintiff may renew this specific request only if (1) he certifies that he has not yet been afforded the aforementioned remaining 20-minute opportunity (under facility rules) to review (and have copied at his cost) his medical records (including his x-rays), and (2) he certifies that he has made a good-faith effort to resolve this issue with opposing counsel; no other papers on this subject will be accepted for filing without prior permission of the Court; and it is further

**ORDERED** that Plaintiff's motion for reconsideration (Dkt. No. 67) is **DENIED**; and it is further

**ORDERED** that Plaintiff's first and second motions to compel discovery (Dkt. Nos. 66, 70) are now fully briefed and will be decided in due course; no further papers regarding these motions will be accepted for filing without prior permission of the Court; and it is further

**ORDERED** that the deadline by which Defendants must respond to Plaintiff's third motion to compel discovery (Dkt. No. 74) is **MAY 13, 2008**; no hearing will be held on that motion unless the Court notifies the parties otherwise; when Defendants file their response, Plaintiff's motion will be fully briefed and will be decided in due course; other than Defendants' response, no further papers regarding this motion will be accepted for filing without prior permission of the Court; and it is further

**ORDERED** that no more motions to compel discovery will be accepted from the parties

7

for filing without prior permission of the Court; and it is further

**ORDERED** that Defendants' motion for sanctions (Dkt. No. 69, Part 1) is now fully briefed and will be decided in due course; no further papers regarding this motion will be accepted for filing without prior permission of the Court.

Dated: April 28, 2008
      Syracuse, New York

                                                    George H. Lowe
                                                    United States Magistrate Judge