UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

EDWARD KOEHL,
                 Plaintiff,

   -v.-                                       9:06-CV-0478
                                                 (LEK/GHL)
GARY GREENE, Superintendent, *et al.*,
                 Defendants.
_____

APPEARANCES:                                        OF COUNSEL:

EDWARD KOEHL, 94-A-2890
  Plaintiff, *Pro Se*
Clinton Correctional Facility
P.O. Box 2001
Dannemora, NY 12929

HON. ANDREW M. CUOMO              MICHAEL G. MCCARTIN, ESQ.
Attorney General for the State of New York
  Counsel for Defendants
The Capitol
Albany, NY 12224

GEORGE H. LOWE, UNITED STATES MAGISTRATE JUDGE

## **ORDER**

      Currently before the Court in this *pro se* prisoner civil rights action are three Motions to Compel Discovery filed by Plaintiff, and a Motion for Sanctions filed by Defendants. (Dkt. Nos. 66, 69, 70, 74.) For the reasons set forth below, both Plaintiff's first Motion to Compel (Dkt. No. 66) and Defendants' Motion for Sanctions (Dkt. No. 69) are granted in part and denied in part; and both Plaintiff's second and third Motions to Compel (Dkt. Nos. 70 and 74) are denied.

      Because the four Motions before the Court are somewhat intertwined, the Court will first review the contentions of each party with respect to each Motion and, thereafter, discuss the merits of each Motion.

**I.     REVIEW OF PENDING MOTIONS**

   **A.     Plaintiff's First Motion to Compel Discovery**

Plaintiff filed his first Motion to Compel Discovery on March 27, 2008. (Dkt. No. 66.) In that Motion, Plaintiff asserts that, on February 2, 2008, he served his first set of Interrogatories, "an informal request for access to documents" for specific grievances, and "adequate and meaningful access to all his medical records." (Dkt. No. 66.) Plaintiff also asserts that, on February 21, 2008, he served a second set of Interrogatories and a supplemental request for access to his pre-2002 medical records. (*Id.*) Finally, he asserts that the Department of Correctional Services ("DOCS") unreasonably seeks to charge a fee of fifty cents (50¢) per page for photocopies of each document Plaintiff requested. (*Id.*)

As relief, Plaintiff requests that the copying fee be reduced to ten cents (10¢) per page in accordance with prior rulings from the Northern District of New York. (*Id.*) In addition, Plaintiff requests that the Court direct the Defendants to respond to the first and second sets of Interrogatories he served, to provide access to the grievance documents he requested, and to permit him meaningful access to his medical records.[1] (*Id.*)

In their Response, Defendants assert that they mailed their responses to the first and second sets of Interrogatories to Plaintiff on March 26, 2008. (Dkt. No. 69.) Further, Defendants justify their request for the 50¢ per page fee based upon what this Court charges litigants. (*Id.*) Defendants base their assertion on a 1993 decision issued by District Judge McAvoy and counsel's April 1, 2008, telephone conversation with an unidentified person at the Clerk's Office

---

[1]     Access to Plaintiff's medical records was addressed in this Court's April 28, 2008 Order. (Dkt. No. 75.)

for the Northern District of New York. (*Id.*)

### B.     Plaintiff's Second Motion to Compel Discovery

Plaintiff filed his second Motion to Compel Discovery on April 7, 2008. (Dkt. No. 70.) In that Motion, Plaintiff asserts that he received answers to his first and second sets of Interrogatories on March 31, 2008. (*Id.*) Plaintiff also asserts that "Defendants' objected to many questions in the first set for various reasons. And, minus one or 2 questions, refused to answer Plaintiff's second set of interrogatories pursuant to FRCP 33(a)(1)." (*Id.*) Finally, Plaintiff asserts that, because there was no agreement or Court order to extend Defendants' response time, Defendants waived any objections to the discovery demands, and, that Defendants' late service after expiration of the discovery deadline was calculated to frustrate discovery in this action. (*Id.*) Accordingly, Plaintiff requests that (1) the Court find that Defendants waived their right to object to the Interrogatories and direct that Defendants answer the Interrogatories, or (2) in the alternative, the Court grant Plaintiff leave to serve one additional set of Interrogatories and that Defendants be directed to respond to same. (*Id.*)

Defendants assert that their response to the first set of Interrogatories was delayed, but with good cause. (Dkt. No. 72.) Defendants explain that the Interrogatories were received by counsel's office on February 5, 2008, and that, when served, the demands were untimely based upon the February 29, 2008 discovery deadline that was then in effect. (*Id*; *see also* Dkt. No. 40 [Pretrial Scheduling Order].) Defense counsel asserts that, as a result, he instructed his secretary that the response to each Interrogatory would be an objection based upon the timing of discovery, and further instructed her there was no immediate rush to prepare the response. (Dkt. No. 72.) However, asserts defense counsel, on February 22, 2008, this Court extended the discovery

deadline to March 28, 2008. (Dkt. No. 60.) Defense counsel asserts that, when he learned of this deadline extension on February 25, 2008, he realized that Plaintiff's demands could now be considered timely. (Dkt. No. 72.) Thus, asserts defense counsel, on March 3, 2008, he sent a letter to Plaintiff stating that he required additional time to respond to the demands, and he began contacting the Defendants to prepare responses. (*Id.*) Defendants' counsel asserts that he mailed a complete package of all responses to Plaintiff on March 26, 2008, and that the complete package included responses and objections to both the first and second set of Interrogatories and the "grievance packages" for the nine grievances plaintiff inquired about. (*Id.*) Defendants argue that, as a result, their response to the second set of Interrogatories was timely, and that there was good cause for their delay in responding to the first set of Interrogatories. (*Id.*)

In his reply, Plaintiff states that he objects to the letter request, and that a one-sided letter to him does not constitute an agreement to extend the response deadline. (Dkt. No. 73.) Plaintiff does not provide the Court with any correspondence in which he raised this objection with the Defendants. (*Id.*) Plaintiff further asserts that he has been prejudiced because the late service of the responses has precluded Plaintiff from pursuing "other avenues of the discovery process." (*Id.*) Plaintiff does not indicate what other avenues of discovery would have remained timely as of the original response date for the first set of Interrogatories. (*Id.*)

### C. Plaintiff's Third Motion to Compel Discovery

Plaintiff filed his third Motion to Compel Discovery on April 25, 2008. (Dkt. No. 74.) Plaintiff asserts that he served a Request for Admissions for each Defendant on April 1, 2008. (*Id.*) Plaintiff further asserts that, on April 10, 2008, Defendants returned the Requests for Admissions, stating that they were received after the discovery deadline expired. (*Id.*) Plaintiff

asserts that the Defendants' failure to respond to the Request for Admissions is wrongful and deliberate.  (*Id.*)

Defendants respond that they initially rejected the Request for Admissions as untimely, based upon their belief that the discovery deadline was March 28, 2008.  (Dkt. No. 78.)  However, argues Defendants, defense counsel subsequently learned that the Court had re-set the discovery deadline to April 17, 2008 (Dkt. No. 64) and sent a second letter to Plaintiff stating that Defendants still objected to the Request for Admissions because they were untimely served under Local Rule 16.2 of the Local Rules of Practice for this Court.  (Dkt. 78, Exhibit A.)  Defendants stand on that objection.  (Dkt. No. 78.)

    **D.**    **Defendants' Motion for Sanctions**

On April 1, 2008, Defendants moved for the imposition of sanctions against Plaintiff for continuing to use abusive language toward both the Court and defense counsel.  (Dkt. No. 69, Part 1, at 1-2.)  Specifically, Defendants referenced the following statements by Plaintiff: (1) Plaintiff's statement that the undersigned "deliberate[ly] lied" and "kissed his own butt" while revoking the special status normally afforded pro se civil rights litigants (Dkt. No. 57, ¶¶ 2, 4); (2) Plaintiff's statement that the undersigned "covered for his fellow government agents" and engaged in a "scam" while ordering Plaintiff to execute a medical release (Dkt. No. 57, ¶ 3); (3) Plaintiff's statement that the undersigned is engaged in "a conspiracy [with Defendants] to physically harm the Plaintiff" (Dkt. No. 67, ¶¶ 1, 3); (4) Plaintiff's statement that the undersigned is "a cheap, corrupt thug, who needs to hide behind a robe to be a tough guy, when in reality he is nothing but a coward who use[d] to get his milk money taken away as a kid" (Dkt. No. 67, Part ¶ 3); (5) Plaintiff's statement that the undersigned and "the State government defendants are doing

5

[no] more than just tongue kissing each other to encompass an intimate oral affair" (Dkt. No. 67, Part 3, ¶ 6); and (6) Plaintiff's statement that the undersigned is "bought and paid for" by Defendants (Dkt. No. 68, at 2).

In particular, Defendants request either (1) the issuance of an Order to Show Cause requiring Plaintiff to explain why this action should not be dismissed as a consequence of his abusiveness or (2) the issuance of an Order requiring Plaintiff to pay a monetary sanction before this litigation be permitted to proceed any further (each upon penalty of the issuance of a Report by the undersigned recommending dismissal). (Dkt. No. 69, Part 1, at 2.) Defendants have supported their request with citations to relevant case law. (*Id*. at 1-2.)

On April 7, 2008, Plaintiff filed a motion to compel discovery, which also opposed Defendant's motion for sanctions. (Dkt. No. 71, at 1-2.) In that response, he stated, in pertinent part,

> If you want to sanction me for telling what I honestly feel to be the truth, so be it. If you want to dismiss this case for the same reason, you will be doing me a favor, because it will prove my claims and allow me to address my concerns to the Second Circuit. . . . I honestly hope that [the undersigned] and that corrupt, stinking hump [defense counsel], drop dead.

(*Id*. at 2.)

**II.   DISCUSSION**

   **A.   Photocopy Fees**

The Court has carefully reviewed the Northern District of New York decision cited by Plaintiff, *Koehl v. Green*, 9:05-CV-0582, Order, at 6-7 (N.D.N.Y. filed June 14, 2007) (Peebles, M.J.) [collecting cases], as well as the Northern District of New York's decision in *Sheils v.*

*Minogue*, 9:06-CV-0482, Order, at 4 (N.D.N.Y. filed May 14, 2008) (Treece, M.J.) [collecting cases]. It remains well settled that a party who is proceeding *in forma pauperis* is not entitled to free discovery.[2] However, it is notable that in each of the cases cited above, the Office of the Attorney General ("AG") and DOCS took the position that their photocopy fee was **25¢** per page. In both of these decisions, which are well-reasoned and well-supported, the Court found the 25¢ per page fee to be excessive, and directed that copies be provided at 10¢ per page. In this case, the AG and DOCS now seek to charge **50¢** per page, without pointing to any basis for this fee, or the increase in the fee over what DOCS and the AG has asserted as policy in the immediate past.[3] Accordingly, this Court will direct that any copies that have been requested by Plaintiff, but have not yet been provided to him due to nonpayment of the photocopy fee, shall be made available to him at the cost of 10¢ per page. This Court will not order any reimbursement for prior payments made by Plaintiff.[4]

---

[2]     Neither Fed. R. Civ. P. 34, nor 28 U.S.C. § 1915, which governs proceedings *in forma pauperis*, requires a defendant to assist in financing the cost of litigation incurred by a party bringing suit against it. *Williams v. Coughlin*, 95-CV-1737, Order, at 2-3 (N.D.N.Y. filed May 31, 1996) (Pooler, J.) ("copying and/or witness expenses are not included among the delineated expenses for which the Court can direct payment."); *Billups v. West*, 95-CV-1146, 1997 WL 100798, at *7 (S.D.N.Y. Mar. 6, 1997). Defendant's obligations under Rule 34 therefore extend only to the requirement of providing such documents for inspection and, if requested, for photocopying at Plaintiff's expense. Plainly, neither Rule 34 of the Federal Rules of Civil Procedure nor plaintiff's *in forma pauperis* status entitles him to free copies of discovery materials. *See Garraway v. Moravato*, No. 99-CV-1913, 2003 WL 21051724, at *7 (N.D.N.Y. May 8, 2003) (Sharpe, M.J.); *Billups v. West*, 1997 WL 100798, at *7; *see also* N.D.N.Y. L.R. 5.4(a).

[3]     If Plaintiff requested the documents pursuant to the New York State Freedom of Information Law, DOCS would only be able to legally charge 25¢ per page for photocopies of documents that did not exceed 11 by 14 inches. *See* 21 N.Y.C.R.R. 1401.

[4]     The Court notes that the information provided to counsel by an unidentified person from the Clerk's Office is not current and accurate. With the implementation of electronic filing the Court adjusted its copy fee to 10¢ per page for all documents that the Court electronically stored

### B. The First Set of Interrogatories

Defendants admit that their response to the first set of Interrogatories was served on March 26, 2008. Plaintiff states that he received the responses on March 31, 2008. (Dkt. No. 70.) The response date, based upon the AG's February 5, 2008 receipt of the Interrogatories, would have been March 7, 2008. Plaintiff argues that this 24-day delay prejudiced him from using other discovery. However, Plaintiff has not made a showing of what other discovery would have been used, or why those demands were not timely served while Plaintiff waited for his responses to the outstanding demands. Further, there is no indication that Plaintiff voiced any objection to the AG's letter request for additional time to respond to the first set of Interrogatories, thereby indicating to Defendants' counsel a need to seek Court approval. Accordingly, this Court finds good cause for the delay, and finds also that Plaintiff has failed to establish any prejudice due to the delay.

The Court also must note that neither party provided the Court with copies of the Interrogatories and the responses thereto so that this Court could review the substance of the responses. Plaintiff was entitled to include in his Reply to the Defendants' response all arguments as to why the belated responses were inadequate. To do so, Plaintiff must provide the Court with the responses and raise specific objections with respect to each Interrogatory that was objected to or not fully answered. Although Plaintiff filed a Reply, Plaintiff failed to avail himself of this avenue for relief with respect to the first or second set of Interrogatories.

---

(regardless of whether it was electronically filed or traditionally filed and scanned by Court personnel). Only those few remaining documents that must be physically retrieved and photocopied are subject to a higher photocopy fee.

Based on the foregoing, Plaintiff's Motion to Compel with respect to the first set of Interrogatories is denied.

### C.  The Second Set of Interrogatories

With respect to the second set of Interrogatories, the burden is on Plaintiff to present the Defendants' Responses to the Court,[5] along with his specific objections to any objections asserted by the Defendants, or any incomplete answers provided.  Plaintiff did not provide the Court with the discovery so it could make its own inquiry, and did not address the substantive issues associated with the Defendants' responses thereto.  Accordingly, Plaintiff's Motion to Compel with respect to the second set of Interrogatories is denied.

### D.  The Requests for Admissions

Plaintiff served his Request for Admissions on April 1, 2008.  Pursuant to Rule 36 of the Federal Rules of Civil Procedure a party has thirty (30) days in which to respond to such Request.  Thus, at the earliest, the responses to the Request for Admissions would have been due on May 1, 2008.

Pursuant to Local Rule 16.2 the discovery deadline, or discovery cut off, date is the date "by which all responses to written discovery, including requests for admissions, shall be due according to the Federal Rules of Civil Procedure . . . ."  N.D.N.Y. L.R. 16.2.  The discovery deadline in this action was last extended to April 17, 2008.  (*See* Dkt. Nos. 40, 60, 64.)  Thus, Plaintiff's Request for Admissions were not timely served and the Defendants were under no

---

[5]  Local Rule 26.2 requires that "A party shall include with any motion pursuant to Fed. R. Civ. P. 37 the discovery materials to which the motion relates if the parties have not previously filed those materials with the Court."  N.D.N.Y. L.R. 26.2.

obligation to respond to same.

Accordingly, Plaintiff's Motion to Compel with respect to the Request for Admissions is denied.

### E. End of Discovery in this Action

The period for discovery in this action closed on April 17, 2008, and the deadline for the filing of motions to compel expired on April 18, 2008. (Dkt. Nos. 60, 64.) Since the filing of this action on April 28, 2006, Plaintiff has been afforded a reasonable and adequate opportunity to conduct discovery. For example, the action's original discovery period of more than a year (i.e., from the filing of Defendants' Answer on February 13, 2007, to the original discovery deadline of February 29, 2008) was extended twice–the first time by thirty (30) days (i.e., to March 28, 2008), and the second time by twenty (20) days (i.e., to April 17, 2008). (Dkt. Nos. 28, 40, 60, 64.) Moreover, Plaintiff has been afforded the opportunity to file four motions to compel discovery as well as a motion to restrict discovery (two of which he partially won). (Dkt. Nos. 44, 45, 66, 70, 74.)

Accordingly, I find that discovery is now complete in this action and the period for such discovery will not be reopened. The dispositive-motion filing deadline is re-set to August 25, 2008.

### F. Defendants' Motion for Sanctions

On December 6, 2007, I issued a warning to Plaintiff because, during a spate of filings with the Court, he had referred to the Court as "cowardly," "[f]ascist," and "twisted." (Dkt. No. 51, at 11.) Specifically, I warned Plaintiff that, while I certainly sympathize with the stress and frustrations that accompany the litigation process, such language is "never tolerable" and that he

"will be sanctioned for any such further abusiveness." (*Id.*)

Despite this warning, Plaintiff chose to continue to use, in his submissions to the Court, the foul and abusive language described by Defendants above in Part I.D. of this Order. In addition, since the filing of Defendants' motion on April 1, 2008, Plaintiff has continued to use foul and abusive language in his submissions to the Court. (*See*, *e.g.*, Dkt. No. 73, at 2 [calling the undersigned "corrupt"]; Dkt. No. 79, at 2 [calling the undersigned "nefarious" and "a corrupt, stinking scumbag who should be in a prison cell in Abu-Grab[]"]; Dkt. No. 80, at 1 [calling the undersigned a "corrupt individual [who] should be put in prison" and "the enemy of the people"]; Dkt. No. 84, at 1 [calling the undersigned "twisted" and "a corrupt dirtbag who shouldn't be allowed to preside over traffic court in some god forsaken out-post, let alone be a federal judge in New York State].) Plaintiff's incorrigible use of this foul and abusive language has (1) wantonly, vindictively and needlessly increased the litigiousness, cost and duration of this proceeding, and has attempted to defile the integrity of this Court.

I have carefully reviewed the possible sanctions for such conduct (e.g., the preclusion of the evidence that was the subject of his motions to compel in which he used the abusive language, the imposition of a monetary fine, the dismissal of his action, etc.). Under the circumstances, I find that sanctions are appropriate and authorized on two grounds: (1) the Federal Rules of Civil Procedure, including Fed. R. Civ. P. 11(c) and Fed. R. Civ. P. 16(f); and (2) the Court's "inherent authority to sanction parties appearing before it for acting in bad faith, vexatiously, wantonly, or for oppressive reasons." *Sassower v. Field*, 973 F.2d 75, 80-81 (2d Cir.

11

1992).[6] Specifically, I find that two sanctions are necessary.

First, I hereby direct that any future pre-trial submissions by Plaintiff using the sort of foul and abusive language described above are to be struck from the docket and not considered by the Court.

Second, I hereby base my ruling described above in Part II.E. of this Order (i.e., my finding that discovery in this action is closed and shall not be reopened) on the *alternative* ground that, even if that ruling were not soundly grounded on the Federal Rules of Civil Procedure and the two Pretrial Discovery Orders issued in this action (which it is), that ruling would be appropriate as a sanction on Plaintiff for his abusive and incorrigible conduct.

**ACCORDINGLY**, it is

**ORDERED** that Plaintiff's first Motion to Compel (Dkt. No. 66) is **GRANTED in part and DENIED in part** as discussed above in Parts II.A. and II.B. of this Order: any photocopies that have been requested by Plaintiff, but have not yet been provided to him due to nonpayment of the photocopy fee, shall be made available to him at the cost of 10¢ per page; Plaintiff's request for reimbursement for prior payments is denied; and Plaintiff's first Motion to Compel is otherwise denied; and it is further

**ORDERED** that Plaintiff's second Motion to Compel (Dkt. No. 70) is **DENIED**; and it is further

**ORDERED** that Plaintiff third Motion to Compel (Dkt. No. 74) is **DENIED**; and it is further

---

[6] *See also In re Martin-Trigona*, 9 F.3d 226, 227 (2d Cir. 1993); *Blum v. Schlegel*, 91-CV-0663, 1996 U.S. Dist. LEXIS 21598, at *14 (W.D.N.Y. May 9, 1996).

**ORDERED** that discovery is now complete in this action; the period for such discovery will not be reopened; and the dispositive motion filing deadline is re-set to **AUGUST 25, 2008**; and it is further

**ORDERED** that Defendants' Motion for Sanctions (Dkt. No. 69) is **GRANTED in part and DENIED in part** as discussed above in Part II.F. of this Order: any future pre-trial submissions by Plaintiff using the sort of foul and abusive language described above in Part II.F. of this Order shall be struck from the docket and not considered by the Court.

Dated: June 30, 2008
       Syracuse, New York

*[signature]*
George H. Lowe
United States Magistrate Judge