U.S. DISTRICT COURT - N.D. OF N.Y.
FILED

AT____O'CLOCK____
Lawrence K. Baerman, Clerk - Syracuse

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

EDWARD KOEHL,

                      Plaintiff,

v.                                                 9:06-CV-0478
                                                (GTS/GHL)

GARY GREENE, Superintendent, Great Meadow C.F.;
GLENN GOORD, Commissioner, NYS DOCS;
HOWARD SILVERBERG, Doctor, Great Meadow C.F.;
JULIE DANIEL, IGRC Supervisor, Great Meadow C.F.;

                      Defendants.
_____

APPEARANCES:

EDWARD KOEHL, 94-A-2890
  Plaintiff, *Pro Se*
Clinton Correctional Facility
P.O. Box 2001
Dannemora, NY 12929

HON. ANDREW M. CUOMO                              MICHAEL G. McCARTIN, ESQ.
Attorney General for the State of New York       STEPHEN M. KERWIN, ESQ.
  Counsel for Defendants                                    Assistant Attorneys General
The Capitol
Albany, NY 12224

GEORGE H. LOWE, UNITED STATES MAGISTRATE JUDGE

## ORDER and REPORT-RECOMMENDATION

This *pro se* prisoner civil rights action, commenced by Edward Koehl ("Plaintiff") pursuant to 42 U.S.C. § 1983, has been referred to me by the Honorable Glenn T. Suddaby, United States District Judge, to hear and determine all pretrial matters (of a non-dispositive nature) and issue report-recommendations on all dispositive matters before the Court, pursuant to

28 U.S.C. § 636(b) and Local Rule 72.3(c). Currently before the Court is Plaintiff's motion for an Order doing one of two things:

(1) Striking from the record the Declaration of Defendant Dr. Howard Silverberg, M.D., offered in support of Defendants' motion for summary judgment (Dkt. No. 91, Part 20), because the Declaration improperly cites to a page of a book of which Plaintiff does not have possession, i.e., *Murray & Nadel's Textbook of Respiratory Medicine* (4th edition); or, in the alternative,

(2) Issuing a Temporary Restraining Order requiring Defendants to

(a) return to Plaintiff approximately 107 pages of documents from the internet regarding "lung info[rmation]," which were seized from Plaintiff on or about September 18, 2008, by Clinton Correctional Facility's Correspondence Department, pursuant to the Department of Correctional Services' regulation / policy of restricting prisoners' access to internet materials to only five pages per prisoner,

(b) suspend the aforementioned Department of Correctional Services' regulation / policy as it applies to Plaintiff in the future, and

(c) provide Plaintiff with a copy of *Murray & Nadel's Textbook of Respiratory Medicine* (4th edition), which was referenced in Defendant Silverberg's Declaration.

(Dkt. No. 96.)

I deny Plaintiff's motion to strike without prejudice. As an initial matter, only one of the twenty-nine (29) paragraphs of Defendant Silverberg's Declaration refers to *Murray & Nadel's Textbook of Respiratory Medicine* (4th edition). (Dkt. No. 91, Part 20, ¶ 26.) As a result,

Plaintiff's request to strike the entire Declaration is overly broad. In any event, the Declaration refers to only one sentence on one page of that book, i.e., page 1636. (*Id.*) If the Court finds that page material to deciding Defendants' motion, the Court would require Defendant Silverberg to provide (to both the Court and Plaintiff) the relevant portion of that textbook, to place the quoted sentence in context. In the meantime, should Defendant Silverberg find it appropriate to file the relevant portion of that textbook as a supplement to his Declaration, he is *sua sponte* granted leave to do so. (I note that Plaintiff's motion contains no indication that, before filing his motion, he conferred in good faith with Defendants to resolve or reduce this dispute.)

As for Plaintiff's alternative motion for a Temporary Restraining Order, I recommend that District Judge Glenn T. Suddaby deny that motion as without cause. Among other things, Plaintiff's motion (1) fails to specify precisely what the 107 pages of documents in question say, who authored them, and why he needs them,[1] and (2) fails to articulate how any Defendant in this action caused the seizure in question, can remedy that seizure, and can prevent any future such seizures.[2]

Plaintiff is advised that, pending the issuance of Judge Suddaby's final Order on his motion for a Temporary Restraining Order, the deadline for his response to Defendants' motion for summary judgment is *not* stayed: his papers in opposition to Defendants' motion are still due

---

[1] I note that the Case Control Etiologic Study of Sarcoidosis to which Plaintiff refers in his motion (1) was referenced in only one paragraph of Defendant Silverberg's Declaration (Dkt. No. 91, Part 20, ¶ 25), and (2) appears to have been attached in its entirety to Defendant Silverberg's Declaration (Dkt. No. 91, Part 29).

[2] I note also that the seizure occurred at Clinton Correctional Facility, none of the Defendants are employed at that Facility, and Defendants Goord and Greene retired from the Department of Correctional Services in August of 2006.

3

by **October 22, 2008**. (No further extensions of this deadline will be granted, two such extensions having already been granted.) However, Plaintiff is advised that, should Judge Suddaby issue an Order granting Plaintiff motion for a Temporary Restraining Order, I will, of course, grant Plaintiff leave to supplement his papers in opposition to Defendants' motion.

**ACCORDINGLY**, it is

**ORDERED** that Plaintiff's motion for an Order striking from the record the Declaration of Defendant Dr. Howard Silverberg, M.D. (Dkt. No. 96) is **DENIED without prejudice**; and it is further

**RECOMMENDED** that Plaintiff's alternative motion for a Temporary Restraining Order (Dkt. No. 96) be **DENIED**.

**BE ADVISED that any objections to this Report-Recommendation must be filed with the Clerk of this Court within TEN (10) WORKING DAYS, PLUS THREE (3) CALENDAR DAYS from the date of this Report-Recommendation.** *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); N.D.N.Y.L.R. 72.1(c); Fed. R. Civ. P. 6(a)(2), (d).

**BE ALSO ADVISED that the District Court, on *de novo* review, will ordinarily refuse to consider arguments, case law and/or evidentiary material that could have been, but were not, presented to the Magistrate Judge in the first instance.**[3]

---

[3] *See, e.g., Paddington Partners v. Bouchard*, 34 F.3d 1132, 1137-38 (2d Cir. 1994) ("In objecting to a magistrate's report before the district court, a party has no right to present further testimony when it offers no justification for not offering the testimony at the hearing before the magistrate.") [internal quotation marks and citations omitted]; *Pan Am. World Airways, Inc. v. Int'l Bhd. of Teamsters*, 894 F.2d 36, 40 n.3 (2d Cir. 1990) (district court did not abuse its discretion in denying plaintiff's request to present additional testimony where plaintiff "offered no justification for not offering the testimony at the hearing before the magistrate"); *Alexander v. Evans*, 88-CV-5309, 1993 WL 427409, at *18, n.8 (S.D.N.Y. Sept. 30, 1993)

**BE ALSO ADVISED that the failure to file timely objections to this Report-Recommendation will PRECLUDE LATER APPELLATE REVIEW of any Order of judgment that will be entered.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of H.H.S.*, 892 F.2d 15 [2d Cir. 1989]).

Dated: October 6, 2008
      Syracuse, New York

*[signature]*
George H. Lowe
United States Magistrate Judge

---

(declining to consider affidavit of expert witness that was not before magistrate) [citation omitted]; *see also Murr v. U.S.*, 200 F.3d 895, 902, n.1 (6th Cir. 2000) ("Petitioner's failure to raise this claim before the magistrate constitutes waiver."); *Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996) ("Issues raised for the first time in objections to the magistrate judge's recommendations are deemed waived.") [citations omitted]; *Cupit v. Whitley*, 28 F.3d 532, 535 (5th Cir. 1994) ("By waiting until after the magistrate judge had issued its findings and recommendations [to raise its procedural default argument] . . . Respondent has waived procedural default . . . objection[]." ) [citations omitted]; *Patterson-Leitch Co. Inc. v. Mass. Mun. Wholesale Elec. Co.*, 840 F.2d 985, 990-91 (1st Cir. 1988) ("[A]n unsuccessful party is not entitled as of right to de novo review by the judge of an argument never seasonably raised before the magistrate.") [citation omitted].