UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

EDWARD KOEHL,

                     Plaintiff,

                                                                           9:06-CV-0478
v.                                                                             (GTS/GHL)

GARY GREENE, Superintendent, Great Meadow C.F.;
GLENN GOORD, Commissioner, NYS DOCS;
HOWARD SILVERBERG, Doctor, Great
Meadow C.F.; JULIE DANIEL, IGRC Supervisor,
Great Meadow C.F.;

                     Defendants.
_____

APPEARANCES:                                              OF COUNSEL:

EDWARD KOEHL, 94-A-2890
  Plaintiff, *Pro Se*
Clinton Correctional Facility
P.O. Box 2001
Dannemora, NY 12929

HON. ANDREW M. CUOMO                       MICHAEL G. McCARTIN, ESQ.
Attorney General for the State of New York         STEPHEN M. KERWIN, ESQ.
  Counsel for Defendants                                  Assistant Attorneys General
The Capitol
Albany, NY 12224

GLENN T. SUDDABY, United States District Judge

## MEMORANDUM-DECISION and ORDER

      Currently before the Court in this *pro se* prisoner civil rights action is Plaintiff's Motion for a Temporary Restraining Order, a Report-Recommendation issued by Magistrate Judge Lowe recommending that the Motion be denied, and Plaintiff's Objections to the Report-Recommendation. (Dkt. Nos. 96, 97, 101)  For the reasons set forth below, the Report-

Recommendation is accepted and Plaintiff's Motion is denied.

**I.     BACKGROUND**

Generally, Plaintiff's Amended Complaint alleges that four employees of the Department of Correctional Services ("DOCS")–(1) Gary Greene, Superintendent of Great Meadow Correctional Facility, (2) Dr. Howard Silverberg, Physician at Great Meadow Correctional Facility, (3) Julie Daniel, Inmate Grievance Review Committee Supervisor at Great Meadow Correctional Facility, and (4) Glenn Goord, DOCS Commissioner ("Defendants")–violated his rights under the Eighth Amendment by being deliberately indifferent to his exposure to second-hand tobacco smoke at three DOCS correctional facilities between May 1992 and November 2006: Downstate Correctional Facility ("Downstate C.F.") from May 1992 to May 1994; Clinton Correctional Facility ("Clinton C.F.") from May 1994 to May 2002; and Great Meadow Correctional Facility ("Great Meadow C.F.") from May 2002 to November 2006.  (Dkt. No. 16, ¶¶ II.A, II.C., II.D., IV.A. & Exs. 1-10 [Plf.'s Am. Compl.])

**II.    PLAINTIFF'S MOTION FOR A TEMPORARY RESTRAINING ORDER**

After Defendants filed a Motion for Summary Judgment, Plaintiff filed a Motion seeking a Temporary Restraining Order directing that Defendants (1) return approximately 107 pages of documents from the internet regarding "lung info[rmation]," which were seized from Plaintiff by Clinton C.F.'s Correspondence Department on or about September 18, 2008, (2) suspend DOCS' regulation/policy of restricting prisoners' access to internet materials to only five pages per prisoner as that regulation/policy is applied to Plaintiff in the future, and (3) provide Plaintiff with a copy of *Murray and Nadel's Textbook of Respiratory Medicine* (Saunders, 4th ed. 2005) in its entirety, a page of which was referenced in Defendant Silverberg's Declaration.  (Dkt. No.

96)	Magistrate Judge Lowe issued a Report-Recommendation on October 6, 2008 recommending that the Motion for a Temporary Restraining Order be denied.  (Dkt. No. 97)  Plaintiff filed Objections to that Report-Recommendation on October 14, 2008.  (Dkt. No. 101)

In his Objections, Plaintiff devotes a minimal amount of his discussion to the substantive issues presented by his Motion.  Plaintiff summarily dismisses the fact that no Defendant in this action is, or was, employed at Clinton C.F., and does not direct the Court to any contrary legal principles or governing facts that would counsel a different legal conclusion than that reached by Magistrate Judge Lowe.  (Dkt. No. 101)  Further, instead of addressing the relevancy of the documents in question, Plaintiff berates the Magistrate Judge for pointing out that no Defendant in this action was employed at Clinton C.F.

Additionally, Plaintiff objects to the suggestion in the Report-Recommendation that only one page of the book referenced by Dr. Silverberg would be produced, noting that "[t]he one page could easily state something entirely different from the rest of the text book." *Id.*  Plaintiff ignores the fact that, after Magistrate Judge Lowe issued his Report-Recommendation, Defendants served Plaintiff with the entire four page article referenced by Dr. Silverberg on October 14, 2008.  (Dkt. No. 98)

### III.	DISCUSSION

####	A.	Standard

A temporary restraining order is a form of injunctive relief, an extraordinary remedy requiring the movant to make a clear showing of his entitlement to the relief requested.  In considering whether to grant a request for injunctive relief, a court must determine whether the moving party has shown "(a) irreparable harm, and (b) either (1) a likelihood of success on the

merits of the claim; or (2) sufficiently serious questions going to the merits and a balance of hardships tipping decidedly toward the party seeking injunctive relief." *Ricchie v. Hulihan*, 08-CV-0706, 2008 WL 2858694, at *4 (N.D.N.Y. July 22, 2008) (Hurd, J.) [citation omitted]. Demonstrating irreparable harm "is the single most important prerequisite for the issuance of a preliminary injunction." *Ricchie*, 2008 WL 2858694, at *4 [internal quotation marks and citation omitted]. A "possibility of harm is not sufficient: the harm must be imminent and the movant must show he is likely to suffer irreparable harm if equitable relief is denied." *Id*.

      **B.**    **Internet Documents Regarding "Lung Info[rmation]"**

In light of the fact that Plaintiff seeks relief from a non-party to this action, the Court is not required to address the merits of Plaintiff's complaint with regard to the internet documents. Specifically, the alleged seizure of the internet documents regarding "lung info[rmation]" occurred at Clinton C.F. However, none of the Defendants in this action are employed at that facility. Only DOCS can implement the relief requested by Plaintiff. Moreover, DOCS is not a party to this action.[1] Excluding limited circumstances not relevant under the circumstances, a Court may not order injunctive relief as to non-parties to an action. *See* Fed. R. Civ. P. 65(d) ("The [temporary restraining] order binds only ... the parties[,] ... the parties' officers, agents, servants, employees, and attorneys[,] ... and other persons who are in active concert or participation with [the previously mentioned parties or agents]."); *United States v. Regan*, 858 F.2d 115, 120 (2d Cir. 1988); *Sumpter v. Skiff*, 05-CV-0868, 2006 U.S. Dist. LEXIS 85914, at *3 (N.D.N.Y. Nov. 28, 2006); *see, e.g., Turner-El v. Illinois Bd. of Educ.*, 93-CV-4918, 1996 U.S.

---

      [1]    Moreover, it should be noted that Defendants Greene and Goord retired from DOCS in August 2006.

Dist. LEXIS 12272, at *5-6 (N.D. Ill. Aug. 19, 1996) (denying plaintiff's motion for a temporary restraining order, despite plaintiff allegedly having "legal and personal property" taken by correctional officials at the Correctional Center, because the officials were "not parties to th[e] action" and the claim for injunctive relief failed to "relate to the allegations of th[e] suit."). Accordingly, the Report- Recommendation properly concluded that Plaintiff may not be granted relief by this Court against non-party actors, and properly denied Plaintiff's request that non-defendant employees at Clinton C.F. (1) return approximately 107 pages of documents from the internet regarding "lung info[rmation]," and (2) suspend DOCS' regulation/policy of restricting prisoners' access to internet materials to only five pages per prisoner as said regulation/policy applies to Plaintiff in the future.

      C.     *Murray and Nadel's Textbook of Respiratory Medicine*

Plaintiff's claim that he will suffer irreparable harm if he is not given a copy of *Murray and Nadel's Textbook of Respiratory Medicine* is unsubstantiated by Plaintiff's original Motion as well as by his Objections to the Report-Recommendation. As noted by Magistrate Judge Lowe in his Report-Recommendation, the textbook is referenced in only one sentence of one page of Defendant Silverberg's Declaration. (Dkt. No. 97, at 3) Moreover, Plaintiff has not shown, on his Motion for a Temporary Restraining Order, how the material in question–which was obtained from the internet in 2008–has any relevance to whether (1) he suffered a sufficiently serious medical need between May 1992 and November 2006, and/or (2) Defendants acted with deliberate indifference to that need between May 1992 and November 2006. In any event, since the date on which the Report-Recommendation was issued, Defendants have served Plaintiff with a copy of the entire chapter that contains the referenced language. (Dkt. No. 98)

Accordingly, the issue is moot.

Should this Court find other material in the textbook to be relevant and/or necessary to its determination of Defendants' motion for summary judgment, the Court would require Defendant Silverberg to provide, to both the Court and Plaintiff, such other material.  *Cf. Self v. Horel*, 07-CV-5347, 2008 U.S. Dist. LEXIS 90695, at *6-7 (N.D. Cal. Oct. 30, 2008) (denying *pro se* prisoner's request that the Court be provided with a "complete copy" of a guidebook, portions of which defendants had used in their motion for summary judgment, explaining that "defendants are required to submit with their motion for summary judgment only those exhibits they deem relevant to such motion.").[2]

Finally, even if the Court were to find that Plaintiff had met his burden with regard to showing irreparable harm with respect to the production of this text book, Plaintiff has not, in his current Motion papers or in his Objections, demonstrated a *likelihood* of succeeding on the merits of his claims, or sufficiently serious questions going to the merits of the claims and a balance of hardships tipping decidedly in his favor.  *See Ricchie*, 2008 WL 2858694, at *4 [citation omitted].  For all of these reasons, the Court denies Plaintiff's request that Defendants provide him with a copy of the entire textbook.

**ACCORDINGLY**, it is

**ORDERED** that the Report-Recommendation filed by Magistrate Judge Lowe on October 6, 2008 (Dkt. No. 97), is **ADOPTED** in its entirety; and it is further

**ORDERED** that Plaintiff's Motion for a Temporary Restraining Order (Dkt. No. 96) is

---

[2] In the meantime, Plaintiff is advised that *Murray and Nadel's Textbook of Respiratory Medicine* (Saunders 4th ed. 2005) is available for purchase from a variety of sources.

**DENIED**; and it is further

**ORDERED** that Plaintiff's response to Defendants' Motion for Summary Judgment (Dkt No. 91) is due by November 24, 2008; and Defendants' reply to the response is due by December 1, 2008; and it is further

**ORDERED** that the Clerk serve a copy of this Memorandum-Decision and Order on the parties.

Dated: November 18, 2008
       Syracuse, New York

*[signature]*
Hon. Glenn T. Suddaby
U.S. District Judge