```
                    UNITED STATES DISTRICT COURT
                    NORTHERN DISTRICT OF NEW YORK

EDWARD KOEHL,                    )
                                 )
     Plaintiff,                  )Civil Action No. 9:06-CV-478-JMH
                                 )
v.                               )
                                 )
GARY GREENE, et al.,             )            ORDER
                                 )
     Defendants.                 )
```

     **    **    **    **    **

HOOD, J.

  This action brought pursuant to 42 U.S.C. § 1983 is before the Court on Defendants' motions to impose sanctions against Plaintiff. (Dkt. No. 109). Plaintiff has responded (Dkt. No. 111) so the matter is ripe for decision.

  Defendants, Gary Greene, Glenn Goord, Howard Silverberg and Julie Daniel, ask the Court to impose significant sanctions due to his continued abuse directed at the Court[1] and Defendants' counsel. In support of the motion before the Court, Defendants have provided the following statement of facts:

> On December 6, 2007, this Court issued a warning to plaintiff because he had referred to the Court as "cowardly", "[f]ascist", and "twisted". Dkt. No. 51, p. 11. The Court sternly warned plaintiff that such abusiveness is "never tolerable" and that "he **will be** sanctioned for **any** such further abusiveness". *Id*. (emphasis added). Despite this stern warning, plaintiff continued to use outright abusive language in reference to the Court. *See* Dkt. No. 57, ¶ 2. Plaintiff has made the outlandish claim that the Court is engaged in "a

---

[1]The abuse was directed toward Magistrate Judge George H. Lowe, not the undersigned.

> conspiracy to physically harm [him]". Dkt. No. 67, p. 2, ¶ 1. Plaintiff has also referred the Court as a "cheap, corrupt thug, who needs to hide behind a robe to be a tough guy, when in reality he is nothing but a coward who use[d] to get his milk money taken away as a kid." *Id*., p. 3, ¶ 3. Plaintiff also alleged that the Court and defendants' counsel have engaged in sexual intimacy. *Id*., p. 3 ¶ 6. Plaintiff has also claimed that the Court is "bought and paid for" by the defendants. Dkt. No. 68, p. 2. As a consequence of this abusive conduct, in a June 30, 2008 Order, the Court ordered that Plaintiff be sanctioned for his "abusive and incorrigible conduct." Dkt. No. 86, p.12.
>
> Yet, despite the prior imposition of sanctions upon plaintiff, his abusive conduct has continued. For example, plaintiff has stated that the Court "openly lied" to aid the defendants. Dkt. No. 101, ¶ 2. More recently, plaintiff has accused the Court of:(1) "lying to hide [its] nefarious motives"; (2) applauding "when plans where made to crash into our buildings", an obvious reference to the tragic events of September 11, 2001; and (3) being a "judicial terrorist who is part communist and part fascist." Dkt. No.106, p. 1. Now, in a recent letter to defendants' counsel, plaintiff refers to the Court as "Lowe-balls" and as an "ultra-right wing communist/fascist bastard". *See* McCartin Decl., Exhibit A. Significantly, within that same letter, plaintiff refers to defendants' counsel as "Swish"[1] and alludes that he has had a "cop friend of [his]" follow defendants' counsel around to allegedly conclude that defendants' counsel leads a "promiscuous life style." *Id*.

(Dkt. No. 109-3, 3-4)(footnotes omitted).

In his response to the subject motion, Plaintiff does not contest the statement of facts set forth above. Indeed, he states that he believes the "court . . . is biased and corrupt" and that "[d]efense attorney [is] . . . criminally guilty of orchestrating a nefarious scheme to have me physically harmed." (Dkt. No. 111, ¶ 2). In fact, Plaintiff seems to adopt his prior statements, maintaining he has seen "the diseased underbelly via ultra right wing government officials . . . [exhibiting] corruption,

unconstitutional behavior, biased and unfair decisions to favor the government . . . ." (*Id.* at ¶ 3).

In light of Plaintiff's undisputed contumacious conduct, including personal attacks on the magistrate judge and opposing counsel, the Court finds that conduct warrants imposition of sanctions. *Sassower v. Field*, 973 F.2d 75, 77 (2nd Cir. 1992). "The Supreme Court has made clear that a district court has inherent authority to sanction parties appearing before it for acting in bad faith, vexatiously, wantonly, or for oppressive reasons." *Id.* at 80-81. The court's inherent power derives from the sage acknowledgment that courts are 'vested, by their very creation, with power to **impose** silence, **respect, and decorum** . . . .'" *DLC Mgmt. Corp. v. Town of Hyde Park*, 163 F.3d 124, 136 (2d Cir. 1998) (quoting *Chambers v. Nasco, Inc.*, 501 U.S. at 43)(quoting *Anderson v. Dunn*, 19 U.S. 204, 227 (1821))) (emphasis added). *See also United States v. Lopez-Matias*, 522 F.3d 150, 154 n.8 (1st Cir. 2008). Courts therefore have "the ability to fashion an appropriate sanction for conduct which abuses the judicial process." *Chambers v. NASCO, Inc.*, 501 U.S. at 44-45.

The "outright dismissal of a lawsuit . . . is a particularly severe sanction, yet is within the court's discretion." *Chambers v. NASCO, Inc.*, 501 U.S. at 45. In fact, "the most severe in the spectrum of sanctions . . . must be available to the district court in appropriate cases, not merely to penalize those whose conduct may be deemed to warrant such a sanction, but to deter those who might

be tempted to such conduct in the absence of such a deterrent." *NHL v. Metro. Hockey Club*, 427 U.S. 639, 643 (1976). The Second Circuit has required "a finding of bad faith for the imposition of sanctions under the inherent power doctrine." *DLC Mgmt. Corp. v. Town of Hyde Park*, 163 F.3d at 136. That bad faith must be shown by (1) "clear evidence" or (2) "harassment or delay or . . . other improper purposes." *Id*. (internal citation omitted). Such evidence is found in this record, not only in this undisputed statement of facts set out above and Plaintiff's response to the motion *sub judice*, but also in Plaintiff's letter to Defendants' counsel wherein Plaintiff writes:

> Contrary to the weight of the documentary evidence, it is obvious you are going to win this round. Lowe-balls is going to see to it. That much was a foregone conclusion from the get-go. Thus, enclosed is my letter to that ultra-right-wing communist/fascist bastard. As you can see [,] my Notice of Appeal is attached. When Lowe balls issues his decision that was most likely written up months ago, you can just put the date in on my Notice of  Appeal and consider yourself served.
> I am in the process of getting my appeal ready. Swish, I'll see you at the next level. By the way [,] you know I used to be a cop. A cop friend of mine wanted me to know what I was dealing with. He said you lead [sic] somewhat of a promiscuous life style. Shame-shame on you!

(Dkt. No. 109-2, McCartin Decl. Ex. A).

Turning now to the appropriate sanction, it should first be noted that his conduct in two submissions wherein he referred to Judge Lowe as "cowardly", "fascist" and "twisted" warranted the following admonition:

4

> While the Court is certainly sympathetic with the stress and frustrations that accompany the litigation process, Plaintiff is advised that such language is never tolerable-by either counsel or pro se litigants. Plaintiff is cautioned that he will be sanctioned for any such future abusiveness, including the striking of any submission containing such abusive language.

(Dkt. No. 51, 12).

Disregarding the clear admonition from the Court, Plaintiff's contumacious conduct continued:

> Despite this warning, Plaintiff chose to continue to use, in his submissions to the Court, the foul and abusive language described by Defendants above in Part I.D. of this Order. In addition, since the filing of Defendants' motion on April 1, 2008, Plaintiff has continued to use foul and abusive language in his submissions to the Court. (See, e.g., Dkt. No. 73, at 2 [calling the undersigned "corrupt"]; Dkt. No. 79, at 2 [calling the undersigned "nefarious" and "a corrupt, stinking scumbag who should be in a prison cell in Abu-Grab[]"]; Dkt. No. 80, at 1 [calling the undersigned a "corrupt individual [who] should be put in prison" and "the enemy of the people"]; Dkt. No. 84, at 1 [calling the undersigned "twisted" and "a corrupt dirtbag who shouldn't be allowed to preside over traffic court in some god forsaken out-post, let alone be a federal judge in New York State].) Plaintiff's incorrigible use of this foul and abusive language has (1) wantonly, vindictively and needlessly increased the litigiousness, cost and duration of this proceeding, and has attempted to defile the integrity of this Court.

(Dkt. No. 86, 12).  Judge Lowe imposed two sanctions, one of which closed discovery in this case due to Plaintiff's "abusive and incorrigible conduct." (*Id.* at 13).

Admonitions have not worked.  Lesser sanctions have not deterred Plaintiff.  The Court has considered the possibility of a fine, but Plaintiff has claimed indigent status (Dkt. No. 2), so

that type of sanction is unlikely to produce the desired effect. Plaintiff is serving a term of twenty-two to forty-five years imprisonment, so charging him with criminal contempt would likewise be an ineffective incentive for Plaintiff to abate his abusive conduct.  The Court is left with the inescapable conclusion that the most serious of sanctions must be imposed, *viz.*, dismissal of this action. *NHL v. Metro. Hockey Club*, 427 U.S. at 643.

Accordingly,

**IT IS ORDERED** that the above-styled action be, and the same hereby is, **DISMISSED with prejudice.**  All pending motions are denied as moot.

This the 12th day of February, 2010.

**Sitting by Designation**:

Signed By:
*Joseph M. Hood*
Senior U.S. District Judge